IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAWN ALTHERR                                                                    PLAINTIFF

v.                                  CIVIL NO. 06-2138

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Shawn Altherr brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on May 8, 2002, alleging an inability to work since September 11, 2000, due to chronic ischemic heart disease, essential hypertension, arthritis, fibromyalgia and borderline intellectual functioning. (Tr. 72-75, 311-313). An administrative hearing was held on July 17, 2003. (Tr. 23-43). Plaintiff was present and represented by counsel. In a written decision dated January 8, 2004, the ALJ determined plaintiff retained the residual functional capacity (RFC) to perform a significant range

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

of sedentary work. (Tr. 14-21). The Appeals Council declined review of the ALJ's decision on April 15, 2004. (Tr. 6-9).

Plaintiff appealed this decision in federal district court. In a decision dated November 5, 2004, this court granted defendant's motion and remanded plaintiff's case back to the Commissioner. (Tr. 347-349). The Appeals Council vacated the ALJ's decision and remanded plaintiff's case back to the ALJ on February 9, 2005. (Tr. 356-357). A supplemental hearing was held on August 18, 2005. (Tr. 474-497). Plaintiff was present and represented by counsel.

By written decision dated March 27, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 342). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 342). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to perform a significant range of light work. (Tr. 342). With the help of a vocational expert, the ALJ found plaintiff could perform other work as a poultry production worker, assembler and machine tender/off-bearer. (Tr. 341).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied. When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed an appeal brief and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 11, 12).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

We will first address plaintiff's argument that he did not have the opportunity to adequately question the vocational expert. A review of the record reveals that the ALJ sent interrogatories to Mr. Jim B. Spragins, a vocational expert, requesting that Mr. Spragins read the hypothetical questions and determine if the hypothetical individual would be able to perform past relevant work or other work in the national economy. (Tr. 408-413). A letter dated January 20, 2006, enclosing the responses from the vocational expert was sent to plaintiff's counsel. (Tr. 365). The letter indicated plaintiff's counsel could submit written comments, request a supplemental hearing and request a subpoena to require the attendance of witnesses or the submissions of records. The record does not indicate that plaintiff's counsel provided written submissions or requested a supplemental hearing. Plaintiff cannot now argue that he was not given the opportunity to question the vocational expert when the record shows his counsel was

made aware of the additional evidence and was given the opportunity to submit questions regarding this additional evidence or to request a supplemental hearing. *Chamberlain v Shalala*, 47 F.3d 1489, 1496 (8th 1995).

Now we will address the findings made by the ALJ. After reviewing the record, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ found plaintiff maintained the RFC to perform a significant range of light work. The record shows two assessments dated September 22, 2003 (Tr. 298-306),

and April 20, 2005 (Tr. 448-455), completed by examining physicians indicating, along with other limitations, that plaintiff can not lift and carry more then ten pounds; however, the ALJ chose to use the RFC assessments from a non-examining medical consultant opining plaintiff could lift and carry up to twenty pounds occasionally. *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (holding that it was improper for the ALJ to rely on the opinions of reviewing physicians alone). The ALJ noted the RFC assessments completed by Dr. S. Carney and Dr. John C. Dobbs in the recitation of the medical evidence reviewed however the ALJ failed to discuss the weight given to these assessments when determining plaintiff's RFC.

The medical evidence shows plaintiff has sought treatment for fibromyalgia, arthritis and chest pain. In August of 2002, and in January of 2004, plaintiff's treating physician rated plaintiff's heart impairment as Angina Class III of the New York Heart Association (NYHA). (Tr. 290, 443). Class III of the NYHA indicates a cardiac disease resulting in marked limitation of physical activity where a person is comfortable at rest, less than ordinary activity causes fatigue, palpitation, dyspnea and anginal pain. *See* American Heart Association, 1994 Revisions to Classification of Functional Capacity and Objective Assessment of Patients With Diseases of the Heart (1994), *at* www.americanheart.org. We are troubled by the ALJ's failure to address this medical evidence when determining plaintiff's RFC.

Based on the above discussion, we believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand the ALJ is also directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff – including, Dr. Kala R. Mehta-- asking the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of

the record on the issue of plaintiff's RFC is necessary, the ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

On remand we strongly suggest that the ALJ thoroughly discuss plaintiff's fibromyalgia. Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases. *See The Merck Manual,* pp. 1369-1371 (16th Edition, 1992). Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body (and the rule of thumb is that the patient must have at least eleven of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We point out that the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th

Cir. 1998). Accordingly, plaintiff's ability to perform these tasks does not automatically render him capable of performing work.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE